1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*E-filed 2/20/08*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MARK HOUSTON,

        Plaintiff,

 v.

COUNTRY COACH, INC.,

        Defendant.

_____/

No. C 07-00859 HRL

**PRELIMINARY PRETRIAL CONFERENCE ORDER: (1) VACATING PRETRIAL CONFERENCE AND TRIAL DATES; (2) RESETTING PRETRIAL CONFERENCE; AND (3) SETTING FURTHER PRETRIAL PREPARATION REQUIREMENTS**

Since plaintiff's counsel, Mr. Baker, could not appear at the Pretrial Conference (PTC) on February 19 because of a jury duty summons, that date is vacated. **The PTC is rescheduled for March 13, 2008 at 1:30 PM.**

The current trial date, February 25, 2008 is also vacated. The court will set a new trial date at the PTC. Prior to that conference, counsel must coordinate witnesses' availability and confer between themselves to pick an agreeable new date. The court is currently available the weeks of April 21, May 5, and June 9, 16, and 23.

Trial counsel shall promptly meet in person (Mr. Tully's office is the default location absent an alternative agreement) and file, **no later than March 10**, a Joint Pretrial Conference Statement that fully complies with the court's Standing Order re: Pretrial Preparation.

//

In addition to the requirements in the Standing Pretrial Order, the Joint Pretrial Conference Statement shall contain a time estimate, *expressed in hours*, that each side requires to put on its case (and for cross examination). Unless counsel makes an especially strong showing to the contrary, the court does not anticipate allocating more than 5 or 6 hours to each side. Furthermore, because redundant witnesses testimony will not be permitted, when describing the "substance" of each witnesses' testimony, counsel should indicate in what way that testimony is unique.

Each side shall also **submit a Trial Brief by March 10.** Among the subjects to be addressed in that brief, counsel should discuss:

• how the warranty statutes relied on by plaintiff apply to the facts of this case;

• whether damages are available as an alternative to rescission and restitution;

• what, specifically, the alleged defects are and how they are covered by the warranties;

• what parts of the vehicle are covered (or excluded) by the "coach" warranty;

• the details of all repair work performed on the vehicle during the relevant time period;

• and, whether the warranty on the chassis also covers the motor and transmission.

Also, defendant will brief any affirmative defense that it is serious about pursuing.

Plaintiff shall promptly lodge with chambers a copy of the report prepared by his expert. If that individual was deposed, also lodge a copy of the deposition. *See Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

At the time of the Pretrial Conference, each side shall give the court a tabbed binder containing all of that side's proposed exhibits, with an index. If no objections are made at that time as to authenticity and admissibility, such objections will be deemed waived. Finally, since neither party indicated an intent to use any discovery response as evidence, the court orders that none shall be used (except for impeachment or rebuttal).

**IT IS SO ORDERED.**

Dated: 2/20/08

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court

For the Northern District of California

THIS SHALL CERTIFY THAT NOTICE WILL BE SENT TO:

Terry L. Baker tbaker@consumerlawgroup.net

Kevin J. Tully kevin@tullylaw.net, jeanine@tullylaw.net, julie@tullylaw.net


* Counsel are responsible for providing copies of this order to co-counsel who have not registered for e-filing.

Date:   2/20/08                              KRO
                                   Chambers of Magistrate Judge Howard R. Lloyd