*E-filed 3/17/08*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK HOUSTON, | No. C 07-00859 HRL |
| Plaintiff, | |
| v. | **PRETRIAL CONFERENCE ORDER AND ORDER ON MOTIONS IN LIMINE** |
| COUNTRY COACH, INC., | |
| Defendant. | Re: Docket Nos. 21, 24, 25, and 38 |

On March 14, 2008, the parties appeared for a pretrial conference to discuss various pretrial matters and to argue their motions in limine. Based on the papers submitted, the arguments of counsel, and the discussion held at the conference, the court orders as follows:

**I. PRETRIAL CONFERENCE ORDER**

The following schedule shall apply to the remainder of this case:

Motions in Limine re: challenged exhibits due . . . . . . . . . . . March 21, 2008

Opposition to Motions in Limine due . . . . . . . . . . . . . . . . . March 28, 2008

Pretrial Submissions due . . . . . . . . . . . . . . . . . . . . . . . . . . . April 14, 2008

Reply (if any) to Pretrial Submissions due . . . . . . . . . . . . . . April 17, 2008

Bench Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . April 21, 2008 at 9:30 a.m.

*Miscellaneous Considerations:*

Each party will be limited to a total of seven hours to present their case. Both parties should prepare an exhibit binder for use by testifying witnesses. Finally, a meet and confer session should be held promptly in order to memorialize any stipulations concerning witness testimony, exhibit foundations, and the like. Provide the court with copies of any such agreements by April 14, 2008.

*Pretrial Submissions:*

On April 14, Plaintiff shall provide both the court and Defendant with an itemized list of damages and with a document setting forth (in an organized fashion) the chronological history of repair attempts on the vehicle. Plaintiff shall also brief the court on the applicable burdens of proof, the differences or similarities in the two relevant warranty statutes, and any differences in available remedies.

## II. ORDER ON MOTIONS IN LIMINE

### A. Plaintiff's Motions in Limine

Plaintiff's Motion in Limine No. 1 to preclude any expert opinion testimony by Kevin Kiscoan is DENIED. Houston argues that Country Coach's expert witness should be precluded from testifying because he did not appear for a noticed deposition. However, Kiscoan was unavailable only on the date chosen by Plaintiff and alternate dates for the deposition were proposed by Defendant. A preclusion sanction is not warranted under the circumstances. Plaintiff's alternative request to preclude Kiscoan from rendering any opinions not specifically stated in his expert report is DENIED WITHOUT PREJUDICE. Without knowing what testimony Country Coach will actually try to elicit from its expert, the court would be deciding this motion in a vacuum.

Plaintiff's Motion in Limine No. 2 to preclude expert opinion testimony by any employees of Country Coach, Inc. that were not designated as experts and did not provide reports is GRANTED. Defendant acknowledges that expert opinion testimony from Country

Coach employees other than Kiscoan would be improper under FED.R.CIV.P. 26(a)(2) since they were not disclosed to Plaintiff as potential expert witnesses. To be clear, this ruling does not preclude percipient witness testimony from Country Coach employees.

**B. Defendant's Motions in Limine**

Motion in Limine Nos. 1 and 2 argue that any matters involving the coach or chassis which arise after the expiration of those warranties are irrelevant, immaterial, and not admissible at trial. FRE 401 - 403. But, the state statute relied upon by Plaintiff incorporates a tolling provision which involves fact-intensive determinations before it can be applied. *See* Cal. Civ. Code. § 1795.6 (indicating that if a vehicle is in a repair shop for three weeks, then the relevant time frame on a 12-month warranty would be twelve months plus three weeks). Therefore, Defendant's <u>Motion in Limine No. 1</u> to exclude any matters (e.g., any evidence of alleged repair concerns or issues) involving the coach which arise after the expiration of the 12-month coach warranty period is DENIED. However, Defendant's <u>Motion in Limine No. 2</u>, which seeks to exclude any matters involving the coach's chassis arising after the expiration of the 5-year chassis warranty, is GRANTED AS UNOPPOSED.

Defendant's <u>Motion in Limine No. 3</u> to exclude any matters involving anything other than the motor home's "coach" or "chassis" is GRANTED AS UNOPPOSED. Plaintiff confirmed at the hearing that he was not pursuing any claims for damage to the vehicle not covered by those warranties.

<u>Motion in Limine No. 4</u>, which seeks to exclude evidence of any alleged repair concerns or issues, for any issues subject to less than two repair attempts during the applicable warranty period, is DENIED WITHOUT PREJUDICE. Defendant argues that the relevant law (the Magnusson-Moss Consumer Warranty Act, 15 U.S.C. § 2301, et seq. and the Song-Beverly Consumer Warranty Act, Cal. C.C. § 1790, et seq.) requires more than one repair attempt for any given repair concern. *See Silvio v. Ford Motor Company*, 109 Cal. App. 4th 1205 (2003). Although Defendant's argument may ultimately prevail, deciding the motion at this time - without any facts to put the argument into context - would be premature.

1      <u>Motion in Limine No. 5</u> to exclude evidence of any unilateral inspections or testing
2  performed on the motor home after October 16, 2007 (the expert discovery cutoff) and not
3  properly disclosed in the expert's original report is GRANTED.  Plaintiff submitted a
4  supplemental report which included testing performed on the vehicle long after the close of
5  expert discovery.  Such information is precluded by FED.R.CIV.P. 26(a)(2)(B) and would be
6  prejudicial to Defendant if permitted at this stage.

7      Motions in Limine 6, 7 and 8 each deal with Defendant's efforts to preclude expert
8  opinion testimony from witnesses not timely disclosed as experts.  Recently, Plaintiff turned
9  over documents indicating that three previously-undisclosed individuals would be offering
10 expert opinion testimony.  At the hearing, Plaintiff agreed that such testimony is precluded by
11 FED.R.CIV.P. 26 and the case management order.  Thus, the following Motions in Limine are
12 GRANTED AS UNOPPOSED: <u>No. 6</u> seeking to exclude expert opinions from Jody Eaton of
13 Performance Color RV; <u>No. 7</u> seeking to exclude expert opinions from James Drulias of
14 Material Damage Appraisal; and <u>No. 8</u> seeking to exclude expert opinions from Tom Parker.

16 **IT IS SO ORDERED.**

18 Dated:  3/17/08

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

THIS SHALL CERTIFY THAT NOTICE WILL BE SENT TO:

Terry L. Baker   tbaker@consumerlawgroup.net

Kevin J. Tully   kevin@tullylaw.net, jeanine@tullylaw.net, julie@tullylaw.net

* Counsel are responsible for providing copies of this order to co-counsel who have not registered for e-filing.

Date:   3/17/08                                              KRO
                                                 Chambers of Magistrate Judge Howard R. Lloyd