United States District Court
For the Northern District of California

*E-filed 4/1/08*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MARK HOUSTON,

Plaintiff,

v.

COUNTRY COACH, INC.,

Defendant.
______________________________________/

No. C 07-00859 HRL

**ORDER ON MOTIONS IN LIMINE RE: TRIAL EXHIBITS**

Re: Docket Nos. 48 and 49

Both parties moved in limine to exclude certain trial exhibits. Based on the submitted motion and opposition papers, the court orders as follows:

**A. Plaintiff Houston's Motion in Limine No. 3**

Plaintiff seeks to exclude Defense Exhibit No. 121, concerning a pre-sale quality control test (including a water-leak test) performed by Country Coach, Inc. ("CCI") on Plaintiff's vehicle. Houston says the exhibit should be excluded because (1) these records were not provided by CCI in its Initial Disclosures and because (2) Plaintiff specifically requested this information through discovery requests, but nothing was produced.

United States District Court
For the Northern District of California

In response to Plaintiff's discovery requests dealing with pre-sale inspection records, Defendant objected. CCI claimed that locating and producing manufacturing records was burdensome and oppressive. During the discovery period, these records were not produced, and Plaintiff never moved to compel their production. Just before the pretrial conference, CCI overcame the "burdensome" task of locating the inspection records. Once it found them, Defendant placed the exhibit in CCI's trial exhibit binder without notifying Plaintiff that it had discovered the previously objected-to information.

Under the Federal rules of Civil Procedure, "[i]f a party fails to supplement disclosures or responses, the court may issue sanctions pursuant to Fed.R.Civ.P. 37(c)(1)." *Abbott Laboratories v. Syntron Bioresearch Inc.*, No. 98-CV-2359 H(POR), 2001 WL 34082555, *2 (not reported) (S.D.Cal.). Sanctions are appropriate if a party, without substantial justification, fails to disclose information required by Rule 26 or fails to amend a prior discovery response. *Id.* Unless the failure is harmless, that party shall not be "permitted to use as evidence at a trial ... information not so disclosed." *Id.* Here, Defendant was not substantially justified in refusing to produce or in delaying production of these documents.[1] That failure was not harmless and so the motion is GRANTED.

**B. Defendant's Motion in Limine No. 9**

This motion seeks to exclude six of Plaintiff's trial exhibits.

Trial Exhibits 14, 23, and 30: As to these three exhibits - the "expert reports" from individuals who have previously been excluded from providing expert testimony - the motion in limine is GRANTED AS UNOPPOSED.

---

[1] When typically confronted with this situation, Plaintiff would be faulted for not moving to compel the records. But, the court's concern that CCI may have attempted to "hide the ball" with relevant discovery trumps any concern over Plaintiff's lax case handling.

United States District Court
For the Northern District of California

Trial Exhibits 15 and 16: CCI wants to exclude these email communications from Guaranty RV ("Guaranty") employees to CCI concerning Houston's vehicle. The Guaranty employees are not testifying at trial. Defendant argues that the information is inadmissible hearsay. Federal Rule of Evidence (F.R.E.) 802.

Plaintiff counters that these communications are not hearsay because they fall within two categories of the rule concerning admissions by a party opponent. Houston notes that Guaranty is an authorized dealership and service repair facility for CCI under the relevant warranties. He points to warranty language directing the owner to take the vehicle to authorized locations for repairs or to address other vehicle related concerns. Thus, according to Plaintiff, CCI authorized Guaranty to speak on its behalf for warranty repair issues (F.R.E. 801(d)(2)(C)) or, alternatively, the statements were made within the scope of Guaranty's authority to act as an agent of CCI (F.R.E. 801(d)(2)(D)).

*Admission by person authorized to speak for party-opponent:*

Under Federal Rule of Evidence 801(d)(2)(C), a statement is not hearsay if "[t]he statement is offered against a party and is a statement by a person authorized by the party to make a statement concerning the subject." The warranty language alone is insufficient to establish whether Guaranty was authorized by CCI to make statements concerning repair of the vehicle. More facts on how the manufacturer and the dealer handled repairs would be needed to assess whether Guaranty was so authorized. On the current record, the court will not find that these statements fall within this category of party opponent admissions.

*Admission by Agent of Party*:

Federal Rule of Evidence 801(d)(2)(D) says that a statement is not hearsay if "[t]he statement is offered against a party and is a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." The existence of an agency relationship is determined by application of the substantive law of agency. 12A FEDERAL PROCEDURE, LAWYER'S EDITION § 33:417 (2007). A showing of substantial evidence - but not a preponderance of evidence - is needed for finding existence of an agency relationship. *Id.*

United States District Court
For the Northern District of California

When analyzing agency issues, courts "distinguish between actual and apparent authority." *Thomas v. I.N.S.*, 35 F.3d 1332, 1338 (9th Cir. 1994). An agent has apparent authority "when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." RESTATEMENT (THIRD) OF AGENCY § 2.03 (2006). This is contrasted with actual authority - which occurs when "the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." *Id.* at § 2.01.

It is arguable that the relevant warranty conveys actual authority onto Guaranty (although, again, more facts would be helpful).[2] However, the court is satisfied that, at a minimum, the warranty language conveys apparent authority onto Guaranty to act as an agent of CCI within the context of vehicle repairs. Furthermore, the emails deal with vehicle repairs and water damage to the vehicle, topics within the scope of agency relationship between the manufacturer and dealer. As such, the statements are not hearsay and will not be excluded. F.R.E. 801(d)(2)(D). For these exhibits, the motion is DENIED.

Trial Exhibit 31: Finally, Defendant wants to prevent the court's visual inspection of the subject motor home. CCI says such an inspection is inadmissable under Federal Rule of Evidence 402 because the current condition of the vehicle is irrelevant. It further argues that there may be evidence of additional testing conducted after the discovery cutoff date. Defendant is concerned that CCI would be unduly prejudiced if the court incidentally views any evidence of such testing. F.R.E. 403.

The scope of this case is quite narrow: addressing the warranty coverage for water damage to the vehicle and for peeling paint. There really is no dispute over the existence of this damage. Therefore, the current condition of the vehicle is relevant to the damages claimed.

---

[2] In a strikingly similar case, the Supreme Court of Alabama discussed whether the statements of an authorized dealer constituted a party opponent admission against the defendant vehicle manufacturer. *Volkswagen of America, Inc. v. Harrell*, 431 So.2d 156, 161-163 (Ala. 1983) (finding statements admissible under the agency aspect of the rule). *Also see* D. Binder, HEARSAY HANDBOOK 4th § 35, "Admission of Party Opponent" (2007).

United States District Court
For the Northern District of California

Furthermore, given the narrow scope and the fact that the case proceeding as a bench trial, the concerns of undue prejudice are not warranted. If, after the court's inspection, Defendant remains concerned about the court's consideration of certain parts of the vehicle, it may raise such objections at that time. The motion in limine for Exhibit 31 is DENIED.

**IT IS SO ORDERED.**

Dated: 4/1/08



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

THIS SHALL CERTIFY THAT NOTICE WILL BE SENT TO:

Terry L. Baker tbaker@consumerlawgroup.net

Kevin J. Tully kevin@tullylaw.net, jeanine@tullylaw.net, julie@tullylaw.net

* Counsel are responsible for providing copies of this order to co-counsel who have not registered for e-filing.

Date: 4/1/08

KRO
Chambers of Magistrate Judge Howard R. Lloyd